EDWIN SPARKS, Plaintiff and Appellant, *v.* JAMES HALSETH, Defendant and Respondent.

No. 11699.
Submitted December 8, 1969.
Decided February 11, 1970.
465 P.2d 100.

Burns & Solem, William M. Solem, Harry L. Burns (argued), Chinook, for appellant.

Morrison & Ettien, J. Chan Ettien (argued), Havre, for respondent.

The HONORABLE LeROY L. McKINNON, District Judge, sitting in place of MR. JUSTICE JOHN W. BONNER, delivered the Opinion of the Court.

This case was tried before a jury in the twelfth judicial district of the State of Montana, in and for the County of Blaine, the Honorable R. D. McPhillips presiding.

The plaintiff appellant owned lands in sections four, and five of township twenty-six north, range twenty-one east, which lands lie some distance south-east of Chinook, are in Blaine County. These lands are bounded on three sides by lands controlled by the Bureau of Land Management.

There had been a grazing district in the area, and when it dissolved, the appellant purchased part of the lands here involved. Thereafter, by agreement, no partition fence was built between his lands and adjoining federally controlled lands, so that his cattle could use a spring on the federal land; and in turn the permittee cattle from adjoining lands could run on his land.

In 1966, the respondent purchased one of the neighboring ownerships, and acquired permittee rights on the lands adjoining appellant's lands. At this time the Indian Department raised their minimum from thirty cents an acre to forty-five cents an acre according to the testimony of the appellant, and for that reason the appellant expected some monetary consideration. He asked for twenty-five cents an acre.

The parties discussed the matter in May, 1966, and again in the fall, or in December of the same year. There is some indication there were some additional negotiations, but they are not dated in the evidence. No agreement was reached, and "notice to rebuild partition fence" dated the 20th day of July, 1967, was served upon the respondent July 23, 1967. The respondent was thereby notified that if he did not rebuild said fence (with description) that on or after the expiration of sixty days the

appellant would rebuild it at respondent's expense. The appellant did rebuild the fence apparently soon after the expiration of the sixty days, again the testimony fails to give the date.

■ This action was brought to recover damages for trespassing livestock, and to collect half the costs of building the dividing fence. After both parties had rested, the trial judge granted the respondent's motion for non-suit.

The law is well settled concerning both questions involved in this case, and the trial judge was correct in his ruling.

As to trespassing cattle, the testimony of the appellant was that the grazing patterns were the same as had existed for many years, back through prior ownerships. The testimony is to the effect that the cattle were turned out or driven out into the permittee land, and ranged freely over the unfenced portion of the range. Likewise, the testimony indicates an attempt to reach an agreement for money in addition to the use of the spring, in exchange for the open acres. There is no testiimony of any attempt to drive the cattle off, or to advise the respondent to keep them off. There are here present no elements of trespass; rather a use under agreement, an attempt to change the terms of the agreement, but no evidence of termination of the agreement.

■ As to the building of the division fence, the controlling section is section 67-805, R.C.M.1947, which provides for a notice of six months. Again the testimony of the appellant was that the land was left open as a matter of convenience to both parties, himself and the predecessor in interest of respondent. The brief of appellant, page 2, states: ''Plaintiff's Complaint alleges his ownership * * * he alleged that there was no fence whatsoever on the division line between his property and the property of the Defendant * * *.''

The proof was to the same effect. That there had been a fence back in homestead days but it was ''deteriorated all the way, rotten'' and that he has asked the Indian Department at Fort Belknap to send out someone qualified to establish the line on which to build the fence. There can be no question this is the

building of a new fence, and not the repair of a partition fence.

It seems equally clear from the appellant's own testimony that there was a joint occupancy for mutual benefit, for the convenience of the use of a spring, the grazing, and to save the expense of building a partition fence.

While other issues were raised and argued, the foregoing discussion disposes of this matter and no reason appears to discuss these other issues.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, HASWELL and JOHN C. HARRISON, concur.